IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

DAVID TIMOTHY DONOVAN,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Civil Action No.
1:12-CV-1827 (NAM/DEP)

---

APPEARANCES:        OF COUNSEL:

FOR PLAINTIFF:

DAVID TIMOTHY DONOVAN, *Pro Se*
318 Mansion Street
West Coxsackie, NY 12192

FOR DEFENDANT:

HON. RICHARD S. HARTUNIAN    SIXTINA FERNANDEZ, ESQ.
United States Attorney, N.D.N.Y.    Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

*Pro se* plaintiff David Timothy Donovan, a recipient of Social Security benefits of an unspecified nature, has commenced this action pursuant to 42 U.S.C. § 405(g), complaining that the Social Security Administration ("SSA") has failed to provide him with cost-of-living adjustments ("COLAs") in the amounts received during 2010 and 2011.[1] *See generally* Dkt. No. 1. According to the attachments to his form complaint, plaintiff requests a total of $2,245.00, representing a four percent increase for each of those years. *Id.* at 4.

In response to plaintiff's complaint, the Acting Commissioner of the SSA seeks dismissal of this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. For the reasons set forth below, I recommend that defendant's motion to dismiss be granted.

---

[1] Plaintiff's complaint indicates that he was denied COLA "for 2010, 2010[.]" Dkt. No. 1 at 4. The court presumes this is a typographical error, and that plaintiff seeks COLAs for 2010 and 2011.

I.  BACKGROUND

On August 26, 2012, plaintiff received a letter from the SSA, in apparent response to his inquiry regarding COLAs. Complaint (Dkt. No. 1) at 3. In its letter, the agency explained that no COLA had been authorized for the years 2010 and 2011, because "the [Consumer Price Index for Urban Wage Earners and Clerical Workers ("CPI-W")], as determined by the Bureau of Labor Statistics in the Department of Labor, for those years, did not increase above the level of the third quarter of 2008, the last year a COLA was determined." *Id.* The letter concluded by advising the plaintiff that, "[b]ased on these facts, you have been paid correctly. We do not owe you any money." *Id.*

Not satisfied with the SSA's explanation, plaintiff attempted to appeal the response by letter to the SSA dated September 6, 2012. *Id.* at 2. In a letter dated September 12, 2012, the SSA advised plaintiff that the decision regarding COLA payments was not appealable. *Id.* Plaintiff's complaint reveals that he also attempted to seek review of the matter by the New York State Court of Appeals, and that, by letters dated October 12, 2012, and October 29, 2012, he was instructed that that court lacked jurisdiction, and therefore could not entertain his request. *Id.* at 6, 7.

II.   PROCEDURAL HISTORY

Plaintiff commenced this action on December 13, 2012, with the filing of a complaint, accompanied by an application to proceed *in forma pauperis*.  Dkt. Nos. 1, 3.  On April 26, 2013, in response to plaintiff's complaint, defendant filed the pending motion to dismiss, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the court lacks subject matter jurisdiction over the matter.  Dkt. No. 15.  Defendant's motion, which plaintiff has failed to oppose,[2] is now ripe for determination and has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(d).  *See also* Fed. R. Civ. P. 72(b).

III.   DISCUSSION

Section 405(g) of Title 42 of the United States Code authorizes judicial review in cases arising under Title II of the Social Security Act. That section provides, in pertinent part, that,

---

[2]   To the extent that plaintiff's submission received by the court on July 15, 2013, Dkt. No. 17, is intended to be his response in opposition, it contains no meaningful information.  Specifically, it is comprised of what appears to be a copy of the court's notices to plaintiff regarding defendant's motion, bearing handwritten notes that are incomprehensible to the court.  *See generally* Dkt. No. 17.  For that reason, and because the response is nearly a month overdue, the court has not considered the submission in deciding defendant's motion.

> [a]ny individual, *after any final decision of the Commissioner of Social Security made after a hearing to which he was a party*, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). Section 405(h) further provides that no "person, tribunal, or governmental agency" may undertake a review of any decision by the SSA "except as . . . provided" for in section 405. 42 U.S.C. § 405(h). Accordingly, section 405 precludes judicial review of any claim that does not arise from a final decision of the SSA. *See Lynn v. U.S. Dep't of Health & Human Servs.*, 583 F. Supp. 532, 533 (S.D.N.Y. 1984) ("[Sections 405(g) and 405h)] provide that only final decisions of the Secretary may be reviewed in federal court.").

In this case, plaintiff's claim is based on the fact that, in 2010 and 2011, Social Security recipients did not receive COLAs. The SSA did not hold a hearing in response to plaintiff's inquiry, nor did it issue a final decision. *Id.* Indeed, as the SSA's letter to plaintiff indicates, the SSA does not make decisions regarding cost of living adjustments; instead, the Bureau of Labor Statistics, a part of the Department of Labor, determines the CPI-W, which then governs whether a COLA will take effect. *Id.* at 3.

Federal district courts are courts of limited jurisdiction. *See Concord Casualty & Surety Co. v. U.S.*, 69 F.2d 78, 80 (2d Cir. 1934) ("The District Courts are of limited jurisdiction conferred by the Constitution and laws of the United States, depending upon the express provisions of the federal statutes."). Absent an express grant of jurisdiction, a federal district court is not empowered to hear and determine a contested matter. *See Kokkonen v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375, 377 (1994) ("Federal district courts . . . possess only that power authorized by Constitution and statute."). In addition, generally, the SSA is entitled to sovereign immunity from suit as a federal governmental agency. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Any waiver of that right, including through a statute such as section 405(g) providing a cause of action against the government, is narrowly construed. *See*, *e.g.*, *Elliott v. Weinberger*, 429 F. Supp. 414, 418 (E.D. Wis. 1977) (finding that section 405(g), which confers jurisdiction to review agency action only after a final decision by the Secretary and after a hearing, does not confer jurisdiction or constitute a waiver of sovereign immunity where the plaintiffs attacked the agency action as being outside the scope of the

statute). In this case, because plaintiff cannot meet the requirements of section 405(g), his claim is precluded by sovereign immunity and the court lacks subject matter jurisdiction over his claim.

IV. <u>SUMMARY AND RECOMMENDATION</u>

Because plaintiff's claim in this action does not satisfy the requirements of 42 U.S.C. § 405(g), his claim is barred by sovereign immunity, and this court lacks subject matter jurisdiction over the matter. Accordingly, it is hereby

RECOMMENDED that defendant's motion to dismiss be GRANTED, and that plaintiff's complaint be DISMISSED in its entirety for lack of subject mater jurisdiction, and on the basis of sovereign immunity.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 86 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: September 30, 2013
Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge